UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donald Raymond Schaefer, | ) | Criminal No.: 4:05-cr-01133-RBH-1 |
| | ) | Civil Action No.: 4:13-cv-02584-RBH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Donald Raymond Schaefer's ("Petitioner's") *pro se* [ECF #816] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the Government's [ECF #861] motion for summary judgment. For the following reasons, the Government's motion for summary judgment is granted and Petitioner's motion to vacate is denied.[1]

## Procedural History and Factual Background

Petitioner was indicted on October 25, 2005, in a one count indictment for Social Security fraud based on the allegation that Petitioner used someone else's Social Security number for the purpose of obtaining unemployment insurance benefits in violation of 42 U.S.C. § 408(a)(7)(B). [ECF #2]. A superseding indictment was filed on January 23, 2007. [ECF #97]. The superseding indictment contained twelve counts and forfeiture allegations. Count one concerned the fraudulent use of a Social Security number in an application for unemployment insurance benefits. Counts two through twelve alleged that while Petitioner was on bond following his initial indictment, he

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 F. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

committed mail fraud by offering to sell various items on the internet and then failing to deliver the items after receiving payment in violation of 18 U.S.C. §§ 1341 and 3147.

Petitioner was initially represented by Assistant Federal Public Defender, Michael Meetze. Meetze filed a motion to withdraw citing a breakdown in the attorney client relationship on June 13, 2006.  Meetze's motion to withdraw was granted and the Court appointed Gordon McBride to represent the Petitioner on June 28, 2006.  McBride moved to be relieved on November 7, 2006. McBride's motion was denied in a hearing on November 29, 2006.  McBride filed a second motion to withdraw on March 28, 2007, citing his upcoming retirement.  McBride's motion was granted on April 20, 2007.   John W. Locklair was appointed to represent Petitioner on April 27, 2007. Locklair moved to withdraw on July 11, 2007, alleging a breakdown in the attorney client relationship.  Locklair's motion to withdraw was granted after a hearing on August 1, 2007. Thomas Nessler was then appointed to represent the Petitioner.

On November 21, 2007, Nessler filed a motion for a psychiatric/competency evaluation of Petitioner stating that Petitioner was unable to make meaningful decisions and that Petitioner was suffering from a mental disorder that prevented him from assisting in his defense. [ECF #157]. The Court granted Nessler's motion on November 27, 2007. [ECF #159].

On November 27, 2007, a second superseding indictment was filed containing sixteen counts and forfeiture allegations.  The new counts, thirteen through sixteen, alleged that while Petitioner was on bond, he committed wire fraud in connection with his scheme to defraud by offering to sell items on the internet and failing to deliver the items after receiving payment in violation of 18 U.S.C. §§ 1343 and 3147. [ECF #164].

Shortly after Petitioner's defense lawyer moved for a competency evaluation, Petitioner filed a motion to relieve his attorney and allow him to represent himself. [ECF #168].  Following a

2

hearing on Petitioner's motion on February 25, 2008, the Court took Petitioner's request to relieve his attorney and represent himself under advisement. [ECF #215].

A third superseding indictment was filed on February 26, 2008, which contained 21 counts and forfeiture allegations. [ECF #220]. The third superseding indictment alleged four additional wire fraud counts (18 U.S.C. § 1343) and an aggravated identity theft count (18 U.S.C. § 1028A(a)(1)).

On March 3, 2008, the Court held another hearing and ruled that Petitioner could represent himself but that Nessler would remain as standby counsel for pretrial and trial proceedings. [ECF #232].

The jury trial lasted fourteen days and took place from August 18 - September 5, 2008. The jury found Petitioner guilty of all twenty one counts of the third superseding indictment.

Petitioner was sentenced on May 28, 2009. The Court granted the Government's motion [ECF #610] for an upward departure and sentenced Petitioner to a total of 192 months imprisonment.

Petitioner appealed to the Fourth Circuit Court of Appeals on May 28, 2009. The Court of Appeals appointed Kirk Truslow to serve as Petitioner's appellate counsel. Truslow filed an *Anders* brief and Petitioner filed a *pro se* supplemental brief. The Court of Appeals affirmed Petitioner's conviction and sentence. The mandate issued on May 1, 2012. Petitioner then sought and was granted an extension until September 20, 2012, to petition the U.S. Supreme Court for certiorari. Although Petitioner did not actually file a petition with the U.S. Supreme Court, pursuant to the prison mailbox rule, it appears Petitioner filed the current motion to vacate within one year of the expiration of the time to file a petition for writ of certiorari to the U.S. Supreme Court. Therefore, the current motion to vacate was timely filed.

3

In response to the current motion to vacate, the Government filed a response and motion for summary judgment on December 9, 2013.  Petitioner's standby trial counsel and appellate counsel each filed affidavits concerning their representation of Petitioner.  The Court issued an Order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner filed a Response in Opposition on December 29, 2014.[2]

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255.  In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).  Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255

---

[2]     Because the Court was concerned that Petitioner did not receive a copy of the Government's motion for summary judgment or the *Roseboro* Order when it was filed, the Court permitted the Petitioner to file a belated response to the Government's motion for summary judgment. *See* [ECF #895].

4

motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974).  Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' "

5

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's Motion to Vacate alleges, among other things, ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be

deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

### Analysis

Petitioner's motion to vacate alleges twenty-eight grounds for relief. The Government argues that each of the Petitioner's grounds are without merit and that summary judgment should be granted.

Ground 1

In Ground 1, Petitioner alleges that his standby trial counsel, Thomas Nessler, was ineffective for turning down a plea offer during trial and failing to communicate the plea offer to Petitioner. Petitioner claims that during the trial Nessler told him he had turned down the Government's plea offer - that if he pled guilty, all of his sentences would run concurrent and there would be no upward departure. Petitioner contends that if he had known about the Government's plea offer during trial he would have taken it.

The Government's response indicates that no plea offer was made during trial. In his affidavit, Nessler states that Petitioner's allegations concerning plea negotiations are pure fiction.

Nessler states that there was never any mention of a plea during trial and that Petitioner remained confident that he would be acquitted of all charges. [ECF #847].  In *Missouri v. Frye*, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. 132 S.Ct. 1399, 1408 (2012).

Petitioner began representing himself more than 5 months before the start of the trial. Nessler was merely standby counsel.  Whether Petitioner can even assert an ineffective assistance of counsel claim against standby counsel is suspect since Petitioner waived his Sixth Amendment right to counsel and chose to represent himself during his criminal proceedings. *See Faretta v. California*, 422 U.S. 806, 836 (1975). When a defendant does so, the trial court, as it did for Petitioner here, may appoint standby counsel to assist the *pro se* defendant. *Id.* at 834 n. 46. However, there is "no constitutional right to hybrid representation," where the defendant "share[s] the duties of conducting [his] defense with a lawyer." *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.1997) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Without a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective. *United States v. Cochrane*, 985 F.2d 1027, 1029 n. 1 (9th Cir.1993) (rejecting ineffective assistance of standby counsel argument in this context without foreclosing argument in future); *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir.1992) ("court knows of no constitutional right to effective assistance of standby counsel"); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir.1998) ("without a constitutional right to standby counsel, a defendant is not entitled to relief for ineffectiveness of standby counsel").

Assuming arguendo that an ineffective assistance of counsel claim is possible against standby counsel, Petitioner's claim fails because he has not submitted sufficient evidence that the

8

Government made a plea offer during trial. The Government's response to Petitioner's motion to vacate states "[c]ontrary to Petitioner's bald allegation, the Government never made such an offer, nor would the Government ever have agreed to such a plea for Petitioner and his egregious conduct." [ECF #860, pg. 6]. Petitioner's self-serving and unsubstantiated allegation that Nessler told him he turned down a plea offer during trial without communicating it to Petitioner is wholly unsupported by the record in this case and, consequently, insufficient to defeat the Government's motion for summary judgment. Petitioner may not rely on bare conclusory allegations to overcome a motion for summary judgment. *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The Government is entitled to summary judgment as to Ground 1.

Ground 2

In Ground 2, Petitioner alleges that this Court erred by changing the indictment to include additional victims after the jury reached a verdict. Petitioner argues that the identity of victims is an element of the offense and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires each alleged victim to be listed in the indictment and have their losses determined by a jury.

This claim was raised on direct appeal in Petitioner's *pro se* supplemental brief. The Court of Appeals concluded that the issue was without merit. Because this claim was raised on direct appeal and there has been no intervening change in controlling law, Petitioner cannot collaterally attack his conviction and sentence on that basis. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Petitioner's claim also fails on the merits because restitution, victim identity, or the specific amount of loss do not increase the mandatory minimum sentence for any of the offenses for which Petitioner was convicted. Accordingly, those issues were not required to be proven to a jury under

*Alleyne v. United States*, 133 S. Ct. 2151.  The Government is entitled to summary judgment on Ground 2 of Petitioner's motion to vacate.

<u>Ground 3</u>

In Ground 3, Petitioner argues that the Court erred in awarding restitution to individuals who were not listed in the indictment.  Like his argument in Ground 2, Petitioner argues that restitution is an element of the offense and the holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), requires victims and their loss amounts to be alleged in the indictment and restitution awards to be determined by a jury.

Like Ground 2, this issue was raised on direct appeal in Petitioner's *pro se* supplemental brief.  The Government is entitled to summary judgment on Ground 3 for the same reasons it is entitled to summary judgment on Ground 2.

<u>Ground 4</u>

In Ground 4, Petitioner argues that under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the jury was required to determine the restitution amount.  Petitioner argues that based on the testimony, no jury would have awarded the restitution amounts that the Court ultimately awarded the victims.

Ground 4 is a mere restatement of Grounds 2 and 3 and is due to be dismissed for the same reasons as Grounds 2 and 3.

<u>Ground 5</u>

In Ground 5, Petitioner argues that Nessler was ineffective for requesting a mental evaluation on his behalf.  Petitioner's response to the Government's motion for summary judgment

clarifies Ground 5 and alleges that Nessler's request for a mental evaluation led to a denial of Petitioner's right to a speedy trial as his case was delayed during the period of his evaluation.

To obtain relief based on ineffective assistance of counsel, Petitioner must show (i) that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; (ii) that the deficient performance prejudiced the defense; and (iii) that specific acts or omissions of counsel were not the result of reasonable professional judgment. *Strickland*, 466 U.S. at 687. There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and this Court must be highly deferential in scrutinizing counsel's performance. *Id.* at 688-89. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "Reasonable probability" is probability sufficient to undermine confidence in the outcome. *Jeffers v. Leeke*, 835 F.2d 522, 525 (4th Cir. 1987).

It is not necessary to decide whether it was appropriate for Nessler to request a competency evaluation because Petitioner cannot establish prejudice. *See Strickland*, 466 U.S. at 697 (stating "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"). Because the jury was never informed that Petitioner had been evaluated, he cannot establish that the result of his jury trial would have been any different had he not been evaluated.

To the extent Petitioner claims his speedy trial rights were violated, it is worth noting that Petitioner requested at least eight continuances of the trial date and waived his speedy trial rights on the record. *See* [ECF ##232, 303, 309, 423, 444, 497, 518, 519]. The Court accommodated most of Petitioner's requests for continuance but denied Petitioner's final motions to continue finding that

11

Petitioner had sufficient time to prepare for trial and had previously been granted continuances and indicated that he could be ready for trial. [ECF #509, Order Denying Motion to Continue].

For those reasons, the Government is entitled to summary judgment as to Ground 5 of Petitioner's motion to vacate.

Ground 6

In Ground 6, Petitioner alleges the Court violated his due process and speedy trial rights by ordering a competency evaluation without a hearing to determine why a local psychiatrist visit would not suffice instead of the federal facility in Butner, North Carolina.

This claim was raised on direct appeal in Petitioner's *pro se* supplemental brief and the Court of Appeals concluded that the issue was without merit. Because this claim was raised on direct appeal and there has been no intervening change in controlling law, Petitioner cannot collaterally attack his conviction and sentence on that basis. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

The Government is therefore entitled to summary judgment on Ground 6 of Petitioner's motion to vacate.

Ground 7

In Ground 7, Petitioner challenges his obstruction of justice enhancement arguing that any obstruction of justice enhancement should have been determined by a jury pursuant to *Alleyne*.

This claim was raised on direct appeal in Petitioner's *pro se* supplemental brief and the Court of Appeals concluded that the issue was without merit. Additionally, the Court of Appeals independently addressed the reasonableness of Petitioner's sentence as the issue was raised in Truslow's *Anders* brief. Because this claim was raised on direct appeal and there has been no

12

intervening change in controlling law, Petitioner cannot collaterally attack his conviction and sentence on that basis. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

To the extent this issue was not raised in Petitioner's direct appeal, the claim has been waived.  Nonconstitutional claims relating to the application of the Sentencing Guidelines that are not raised on direct appeal are waived unless the alleged errors constitute a fundamental defect inherently resulting in a miscarriage of justice. *United States v. Liverman*, 182 F.3d 911, 1999 WL 476464, at *1 (4th Cir. 1999) (unpublished) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  Because Petitioner's alleged error does not constitute a fundamental defect inherently resulting in a miscarriage of justice, summary judgment in favor of the Government is appropriate as to Ground 7.

<u>Ground 8</u>

In Gound 8, Petitioner argues his sentencing enhancement for the number of victims should have been determined by a jury pursuant to *Alleyne*.  Although this issue was not discussed in Petitioner's *pro se* supplemental brief, the Court of Appeals addressed the reasonableness of Petitioner's sentence.  To the extent this claim was properly raised on direct appeal, the claim fails under *Boeckenhaupt*, 537 F.2d at 1183.

To the extent this issue was not raised in Petitioner's direct appeal, this nonconstitutional claim fails because the alleged error does not constitute a fundamental defect inherently resulting in a miscarriage of justice. *See Liverman*, 182 F.3d 911, 1999 WL 476464, at *1.

Petitioner's claim also fails on the merits because the number of victims does not raise the mandatory minimum sentence for any of the crimes for which Petitioner was convicted and is, therefore, not an element of the offense under *Alleyne*, 133 S. Ct. at 2155.

Summary judgment is, therefore, appropriate on Ground 8.

Ground 9

In Ground 9, Petitioner argues the "sophisticated means" enhancement should have been determined by a jury pursuant to *Alleyne*. This issue was raised on direct appeal in Petitioner's *pro se* supplemental brief. There being no intervening change in law, Petitioner's claim fails under *Boeckenhaupt*, 537 F.2d at 1183. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

In the event this issue was not raised in Petitioner's direct appeal, this nonconstitutional claim fails because the alleged error does not constitute a fundamental defect inherently resulting in a miscarriage of justice. *See Liverman*, 182 F.3d 911, 1999 WL 476464, at *1.

Petitioner's claim also fails on the merits because the sophisticated means enhancement does not affect the mandatory minimum sentence for any of the crimes for which Petitioner was found guilty. Thus, the sophisticated means enhancement was not an element of the offense under *Alleyne*, 133 S. Ct. at 2155.

For those reasons, the Government is entitled to summary judgment on Ground 9 of Petitioner's motion to vacate.

Ground 10

In Ground 10, Petitioner argues the Court erred by failing to state that overpayments of unemployment compensation are not dischargeable under federal bankruptcy law. Petitioner argues

14

that if the Government or the Court brought this up at the November 29, 2006 pretrial hearing, he would have pled guilty to being overpaid.

Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in controlling law. Accordingly, relief must be denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342. The Government is entitled to summary judgment as to Ground 10.

Ground 11

In Ground 11, Petitioner argues that Gordon McBride, who was Petitioner's counsel from June 28, 2006 through April 20, 2007, was ineffective for failing to move for separate trials on the separate counts.

As noted above, Petitioner had two other lawyers, Locklair and Nessler, after McBride was relieved. McBride was relieved more than one year before the trial began and Petitioner began representing himself more than 5 months before the start of the trial. Petitioner also demonstrated a prolific ability to file motions in his criminal case. Nothing prevented Schaefer from filing his own motion for separate trials. Petitioner cannot demonstrate any prejudice by McBride's alleged failure to file a motion for severance or separate trials because Petitioner could have filed his own motion at any time during the five months he represented himself before trial. Petitioner's bare assertion that he would not have been found guilty of count 1 if he had been tried separately is insufficient to establish prejudice under *Strickland*. For those reasons, the Government is entitled to summary judgment on Ground 11.

Ground 12

In Ground 12, Petitioner argues the Court improperly considered his past convictions in violation of *Descamps v. United States*, 133 S. Ct. 2276 (2013). Petitioner argues that under *Descamps*, "previous convictions were not to be used since govt. did not prove that the previous charges met the burden required in *Descamps*." [ECF #816, Motion to Vacate, pg. 20].

Although it did not specifically address the application of *Descamps* to Petitioner's sentence, the Court of Appeals found Petitioner's sentence to be reasonable. To the extent this claim was not raised on direct appeal, this nonconstitutional claim was waived because the alleged error does not constitute a fundamental defect inherently resulting in a miscarriage of justice. *See Liverman*, 182 F.3d 911, 1999 WL 476464, at *1.

Additionally, Petitioner's claim fails on the merits because *Descamps* concerns the treatment of prior convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which has no application to this case or the crimes with which Petitioner was charged.

The Government is entitled to summary judgment on Ground 12.

Ground 13

In Ground 13, Petitioner argues the Court erred by enhancing Petitioner's guideline range based on an intended loss of $120,000 to $200,000. Petitioner argues the enhancement based on loss amount should have been determined by a jury pursuant to *Alleyne*. Although this issue was not discussed in Petitioner's *pro se* supplemental brief, the Court of Appeals addressed the reasonableness of Petitioner's sentence. To the extent this claim was properly raised on direct appeal, the claim fails under *Boeckenhaupt*, 537 F.2d at 1183.*See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

16

To the extent this issue was not raised in Petitioner's direct appeal, Petitioner's claim is nonconstitutional and does not constitute a fundamental defect inherently resulting in a miscarriage of justice. *See Liverman*, 182 F.3d 911, 1999 WL 476464, at *1.  Therefore, the claim is waived. *Id.*

Petitioner's claim also fails on the merits because the intended loss did not raise the mandatory minimum sentence for any of the crimes for which Petitioner was convicted and is, therefore, not an element of the offense under *Alleyne*, 133 S. Ct. at 2155.

Summary judgment is, therefore, appropriate on Ground 13.

Ground 14

In Ground 14, Petitioner argues the Court erred in granting the Government's motion for an upward variance.  Petitioner claims that the Government's allegations supporting the upward variance were elements of a charge and should have been determined by a jury pursuant to *Alleyne*. Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in controlling law.  Accordingly, relief must be denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.  As to the merits, the Government was not required to prove the allegations supporting the upward variance to the jury under *Alleyne*.

The Government is entitled to summary judgment as to Ground 14.

Ground 15

In Ground 15, Petitioner argues that the Court violated Petitioner's right to a fair sentencing by refusing his medication (methadone) for over 12 hours causing him to go through withdrawal. Petitioner argues that because he was going through withdrawal, he was not able to concentrate or effectively represent himself.

17

Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has

been no intervening change in controlling law.  Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d

at 1183, and summary judgment is granted as to Ground 15.  *See Dyess*, 730 F.3d at 360;

*Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Ground 16

In Ground 16, Petitioner argues the Court erred by denying him the right to subpoena eighty

witnesses.  Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has

been no intervening change in controlling law.  Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d

at 1183, and summary judgment is granted as to Ground 16. *See Dyess*, 730 F.3d at 360;

*Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Ground 17

In Ground 17, Petitioner argues that his standby counsel was ineffective for holding

subpoenas for over 3 months.  Petitioner's claim of ineffectiveness fails because he cannot satisfy

the prejudice prong of *Strickland*.  On August 15, 2008, the last day before trial, Petitioner presented

the Court with 90 handwritten subpoenas delivered by standby counsel.  These handwritten

subpoenas included the subpoenas to Yahoo, which Petitioner complains about in his motion to

vacate.  The Court was aware that Petitioner may claim that he delivered the subpoenas to standby

counsel earlier than he did so the Court instructed Nessler to file an affidavit as to when he received

the subpoenas. *See* [ECF #526, Nessler Affidavit].  The proposed subpoenas were examined by the

Court and deemed to be nothing more than a fishing expedition. *See* [ECF #528, Order Denying

Subpoena Requests].  Specifically, in denying Petitioner's request for subpoenas, the Court stated

"[r]egardless of when he may have had these handwritten subpoenas sent to the court, Defendant

has made no adequate showing that the handwritten subpoenas are necessary to an adequate defense." [ECF #528, at pg. 2]. Because Petitioner's requests for subpoenas would have been denied regardless of their timeliness, Petitioner cannot show prejudice by Nessler's alleged failure to deliver the subpoenas to the Court in a timely manner. Summary judgment is therefore appropriate as to Ground 17.

Ground 18

In Ground 18, Petitioner argues that the Court violated his constitutional rights by denying Petitioner the right to call Assistant U.S. Attorney, William Day, as a witness. Petitioner argues that this deprived him of the ability to present a vindictive prosecution defense.

Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in controlling law. Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183, and summary judgment is granted as to Ground 18. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Ground 19

In Ground 19, Petitioner argues that he was denied access to his discovery materials when the Government dropped off discovery boxes at the Dillon County Detention Center and would not provide Petitioner with the name of the person who received the discovery. Petitioner claims he never received the discovery material and could not adequately prepare a defense.

Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in controlling law. Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183, and summary judgment is granted as to Ground 19. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

<u>Grounds 20, 24, 25, 26, 27, 28 - Ineffective Assistance of Appellate Counsel</u>

In Ground 20, Petitioner argues that his appellate attorney, Kirk Truslow, was ineffective for filing an *Anders* brief and failing to obtain transcripts for pretrial hearings even though the hearings did not involve witness testimony.

In Ground 24, Petitioner alleges Truslow was ineffective for not appealing issues of hearsay regarding the introduction into evidence of photos from Petitioner's computer.

In Ground 25, Petitioner argues Truslow was ineffective for failing to challenge the seizure of desktop computer evidence.

In Ground 26, Petitioner argues Truslow was ineffective for failing to challenge the way in which the Government delivered discovery to the Petitioner.

In Ground 27, Petitioner argues that Truslow was ineffective for failing to challenge the denial of Petitioner's motion for judgment of acquittal of the charges related to Richard Moody.

Finally, in Ground 28, Petitioner argues that Truslow was ineffective for failing to challenge the aggravated identity theft count.

A defendant has a constitutional right to the effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). To demonstrate ineffective assistance of appellate counsel, Petitioner must satisfy the same two-prong test that was enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice in the context of appellate representation, a petitioner must establish a "reasonable probability ... he would have prevailed on his appeal" but for his counsel's unreasonable failure to raise an issue. *United States v. Rangel*, __ F.3d__, 2015 WL 1454923, at *8 (4th Cir. April 1, 2015) (citing *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). There is a "

20

'presumption that [appellate counsel] decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir.1993)). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as 'there can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review .'" *Id.* (quoting *Jones v. Barnes*, 463 U.S. 745, 752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." *Bell v. Jarvis*, 236 F.3d at 164 (quoting *Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (internal quotations omitted). However, although it is "still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. *Smith*, 528 U.S. at 288. "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986).

Petitioner cannot establish either prong of *Strickland* on his claims of ineffective assistance of appellate counsel. Truslow filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), where he stated that he could find no meritorious grounds for appeal but requested review of Petitioner's sentence and the sufficiency of evidence. *Anders* requires the appellate court to conduct an independent and complete examination of the trial record to determine if there are any meritorious issues for appeal. *Anders*, 386 U.S. at 744. Petitioner was also permitted to file a *pro se* supplemental brief allowing him to raise any issue he desired on his direct appeal. The Court of Appeals reviewed the entire record and carefully reviewed each of the grounds raised

21

in Petitioner's *pro se* supplemental brief.  The Court of Appeals agreed with Truslow that there were

no meritorious issues for appeal.  The Court of Appeals further found that each contention raised in

Petitioner's *pro se* supplemental brief was without merit.

Petitioner cannot overcome the presumption that Truslow rendered effective assistance of

counsel on appeal.  Moreover, Petitioner cannot establish that if a certain issue was raised, the

outcome of his appeal would have been different.  In fact, many of the issues Petitioner claims

Truslow should have raised were actually raised by Petitioner in his *pro se* supplemental brief and

determined to be without merit by the Court of Appeals.

For those reasons, the Government is entitled to summary judgment on Grounds 20, 24, 25,

26, 27, and 28.

Ground 21

In Ground 21, Petitioner argues that the Court of Appeals erred by failing to obtain

transcripts of various pretrial hearings.  This claim is wholly without merit as the Court of Appeals

reviewed the entire record, including any transcripts, pursuant to *Anders v. California*, 386 U.S.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Petitioner has presented zero facts on which to base a

claim that the Court of Appeals did not conduct a thorough review of the record pursuant to *Anders*.

The Government is therefore entitled to summary judgment on Ground 21.

Ground 22

In Ground 22, Petitioner argues he was prejudiced by being required to wear the clothes

provided to him by the U.S. Marshals for jury selection.  Petitioner claims the clothes did not fit

properly and caused the jury to form a negative impression of the Petitioner. Petitioner raised this

issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in

controlling law. Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183, and summary judgment is granted as to Ground 22. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Ground 23

In Ground 23, Petitioner argues the Court erred in denying him an opportunity to use an independent lab/expert for fingerprint and handwriting analysis. Petitioner raised this issue in his *pro se* supplemental brief on direct appeal and there has been no intervening change in controlling law. Relief is denied pursuant to *Boeckenhaupt*, 537 F.2d at 1183, and summary judgment is granted as to Ground 23. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## Conclusion

23

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, **IT IS ORDERED** that the Government's Motion for Summary Judgment [ECF #861] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate [ECF #816] is **DISMISSED with prejudice**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 8, 2015
Florence, South Carolina

24